**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-02294-RM-BNB

MORGAN STANLEY & CO., LLC., f/k/a Morgan Stanley & Co., Inc.,

    Petitioner/Plaintiff,

v.

SCOTT ALLEN TRIMBACH, a/k/a Scott A. Trimbach, a/k/a Scott Trimbach,

    Respondent/Defendant.

---

**ORDER**

---

This matter is before the Court on the December 20, 2013 Recommendation of United States Magistrate Judge Boyd N. Boland (ECF No. 16) recommending that this action be closed administratively, as well as the October 25, 2014 Recommendation of Judge Boland (ECF No. 17) and the Motion for Default Judgment filed by Petitioner/Plaintiff Morgan Stanley & Co., LLC ("Morgan Stanley") (ECF No. 13.).

Judge Boland first recommended that this matter be administratively closed due to Respondent/Defendant Scott Allen Trimbach's filing of a Notice of Bankruptcy. (ECF Nos. 16, 15.) Judge Boland's second Recommendation, based on the same rationale, was that Morgan Stanley's Motion for Default Judgment be denied without prejudice. (ECF No. 17.)

Morgan Stanley did not timely object to Judge Boland's first Recommendation that this matter be administratively closed, but after Judge Boland issued a subsequent Recommendation recommending that Morgan Stanley's Motion for Default Judgment be denied without prejudice, also due to Mr. Trimbach's bankruptcy proceeding, Morgan Stanley did object. (ECF No. 18.) On August 15, 2014, the bankruptcy court dismissed Mr. Trimbach's bankruptcy petition. (ECF

No. 18-1.) Given that the bankruptcy case is no longer proceeding and thus this case is no longer stayed, Morgan Stanley understandably does not wish the case to be administratively closed. In light of the fact that this case was never administratively closed, Morgan Stanley now requests that this Court rule on its Motion for Default Judgment (ECF No. 13).[1] This Court agrees.

Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal citation omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, n, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *see also Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 92 (10th Cir. 2011) ("[A] corporation cannot appear pro se.").

This action was commenced by a Petition pursuant to the Federal Arbitration Act to confirm an arbitration award. (ECF No. 1.) In 2006, Mr. Trimbach signed a Promissory Note for a loan he received from Morgan Stanley in the amount of $125,000. (ECF No. 1-1.) The Promissory Note contained an arbitration clause, and Morgan Stanley submitted the matter to arbitration. On August 30, 2012, the Arbitrators issued an award against Mr. Trimach, awarding

---

[1] Morgan Stanley entitles its Motion a "Motion for Entry of Judgment," but the Court will refer to it as a Motion for Default Judgment for clarity's sake.

Morgan Stanley: (1) compensatory damages of $97,092.00; (b) pre-judgment interest of $20,745.45; (c) post-judgment interest on the compensatory damages sum at the rate of 5.25% per annum accruing from August 24, 2012 until paid in full; (d) attorney fees of $15,394.00; reimbursement for the claim filing fee of $1000.  (ECF No. 1-2.)  Mr. Trimbach subsequently made payments to Morgan Stanley amounting to a total of $900.00, but has not paid the full sum. (ECF No. 13 at 2.)

Upon review of the record in this case including the Petition (ECF No. 1), the arbitrator's award (ECF No. 1-2), the return of service and the failure of Mr. Trimbach to answer in this case, default judgment is now appropriate, and the arbitration award is confirmed.

Accordingly, the Court ORDERS as follows:

(1) The Magistrate Judge's Recommendations that this matter be administratively closed and that the Motion for Default Judgment be denied (ECF Nos. 16 and 17) are now MOOT;

(2) Petitioner/Plaintiff's Motion for Default Judgment (ECF No. 13) is GRANTED;

(3) Default judgment shall be entered against Respondent/Defendant Scott Trimbach;

(4) The arbitration award (ECF No. 1-2) is CONFIRMED and judgment shall issue for Morgan Stanley and against Mr. Trimbach in accordance with that award as described herein.

DATED this 23rd day of September, 2014.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge